IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-1510-WDM
Criminal Action No. 01-CR-301

RICARDO MARTINEZ,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

## ORDER DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Miller, J.

      This matter is before me on petitioner Ricardo Martinez's motion for bond pending the resolution on the merits of his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  I have considered the parties' written and oral arguments.  Because the standard for consider the bond issue requires that I consider the merits of Martinez's habeas motion, I will resolve the underlying § 2255 motion.  Given that resolution, set forth below, the motion for bond becomes moot.  Since oral argument on the bond issue, the government has filed a motion pursuant to Fed. R. Crim. P. 35(b)(2) to reduce Martinez's sentence.  I address this motion below.

      The standard for bond in this case is set forth in *Pfaff v. Wells*, 648 F.2d 689 (10th Cir. 1981).  There the Tenth Circuit recognized that, "[d]espite the lack of specific statutory authority, it is within the inherent power of a federal district court to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas relief." *Id.* at 692.  To merit

release, Martinez must make a showing of exceptional circumstances or demonstrate a clear case on the merits of his habeas petition.[1] *Id.* The latter part of this standard requires that I look to the issues raised in Martinez's § 2255 motion.

Martinez seeks habeas relief on two grounds. First, he argues that application of the federal Sentencing Guidelines violated his due process and Sixth Amendment rights as recently explained in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). Second, Martinez contends his attorneys provided ineffective assistance of counsel at sentencing and on appeal by failing to raise the issue of the application of the Guidelines in light of the then-pending petition for certiorari in *Blakely v. Washington*, 542 U.S. 296 (2004).[2]

With regard to the substantive constitutional claim, current counsel for Martinez conceded at the hearing on the bond motion that the Tenth Circuit has foreclosed this issue, ruling that *Booker* does not apply retroactively to initial or successive habeas petitions. *United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005). Accordingly, Martinez cannot seek habeas relief based on alleged violations of due process and the Sixth Amendment under *Booker*.

Martinez's ineffective assistance of counsel argument is governed by the standard

---

[1]     Some courts phrase this standard in the conjunctive. *See, e.g., Johnson v. Nelson*, 877 F. Supp. 569, 570 (D. Kan. 1995) ("Generally, a court must determine whether the petitioner has raised a substantial constitutional issue on which he is likely to prevail, and whether extraordinary or exceptional circumstances exist which either warrant the requested relief or require release to make the writ of habeas corpus an effective remedy").

[2]     The petition for *certiorari* was filed in *Blakely* prior to Martinez's sentencing hearing.  The Supreme Court granted *certiorari* while Martinez's direct appeal was pending.

2

set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). To establish ineffective assistance, Martinez must show both that his attorneys' performance was deficient and that his defense was prejudiced by that deficient performance, *i.e.*, that in the absence of that deficiency, he would have received a lesser sentence. *Id.* Even assuming counsel should have raised the *Blakely* issue at sentencing or on appeal,[3] Martinez cannot establish the second prong of *Strickland*. In this case, he is asking me, the judge who sentenced him, whether I would have imposed a lesser sentence if the case had been remanded on direct appeal for resentencing under the current *Booker* regime, applying the guidelines in their now-advisory capacity.[4]

On this issue, Martinez argues that I must impose a lesser sentence because the increases in his guideline offense level for amount of loss and role in the offense cannot apply where those issues were neither admitted nor subject to facts found by a jury beyond a reasonable doubt. *Booker* precludes this argument. *See United States v. Lynch*, 397 F.3d 1270, 1271-72 (10th Cir. 2005) (applying *Booker* to authorize sentencing court to consider all aspects of guidelines).

I have reviewed the pertinent portions of the file in Martinez's criminal case, 01-CR-301-WM. This record indicates that I sentenced Martinez at the highest end of the applicable guideline range. Indeed, I departed upward from the guideline fine range based

---

[3]     I note that, were I to reach this issue, I would be unlikely to hold that counsel should read every petition for *certiorari* filed with the Supreme Court.

[4]     I note that the Tenth Circuit's general practice has been to remand for resentencing after *Booker* only those cases where the sentence imposed was at the bottom of the guideline range. As observed below, I sentenced Martinez at the highest end of the guideline range.

on my concerns regarding the seriousness of Martinez's conduct. I conclude that, if I were to resentence Martinez either now, upon the grant of habeas relief, or on remand from the Tenth Circuit, I would again apply the increased offense levels for amount of loss and role in the offense and would sentence him to at least forty-one months, if not more.[5]

Because Martinez cannot show that the allegedly ineffective representation by former counsel prejudiced him in any way, he is not entitled to relief under 28 U.S.C. § 2255.

On April 12, 2005, the government filed a motion to reduce Martinez's sentence of imprisonment by five months, or to thirty-six months, based on Martinez's substantial assistance to the government. Fed. R. Crim. P. 35(b)(2)(A) (authorizing a reduction of sentence for substantial assistance where the information provided was not known to the defendant until a year or more after sentencing). Martinez does not oppose a reduction of his sentence, but he contends that a five-month reduction is not sufficient in light of the results of his information, including felony charges against two persons and ongoing investigations against others. At a hearing held July 29, 2005, counsel for Martinez argued that, based on the information provided, his sentence should be reduced by at least twenty-five percent.

Given my conclusion, set forth above, that I would likely impose a greater sentence on Martinez were I to resentence him, I decline to reduce his sentence by more than the five months requested by the government. My oral findings and conclusions at the July 29 hearing are incorporated here by reference.

---

[5]    I note that the recommendation of the probation officer regarding Martinez's sentence has not changed.

4

Accordingly, it is ordered:

1.    The petition pursuant to 28 U.S.C. § 2255, filed July 22, 2004, is denied.

2.    The motion for bond, filed August 2, 2004, is denied as moot.

3.    The government's motion for reduction of sentence, filed April 12, 2005, is granted.

4.    Martinez's judgment of conviction shall be amended to impose a term of
imprisonment of thirty-six months.

DATED at Denver, Colorado, on July 29, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER


CERTIFICATE OF MAILING


Civil Action No. 04-cv-1510-WDM
Criminal Action No. 01-CR-301

Copies of this Order were served by electronic delivery; or depositing the same in the
United States mail, postage prepaid, addressed to the persons listed below:


Thomas M. O'Rourke                          Neil M. Schuster
Assistant U.S. Attorney                     555 North East 15th Street
                                            Miami, FL  33132


U.S. Probation

U.S. Marshal

Dated:  July 29, 2005


                                     _____
                                     _____
                                     Deputy Clerk